PEOPLE ex rel. SIEGELSTEIN v. WOODS et al.

(Supreme Court, Appellate Division, First Department.   April 21, 1899.)

CERTIORARI—REVIEW OF ELECTION CONTEST—DEFAULT.

Certiorari will not lie to review the action of a board of aldermen in passing on an election contest where relator's protest is referred to its committee on elections, which fixes and notifies him of the time and place for its consideration, and he fails to appear, since the writ cannot be used as a motion to open a default.

Certiorari by the people, on relation of Pierre A. Siegelstein, against Thomas F. Woods, president, and others, to review the action of the board of aldermen of the city of New York in an election contest.   Denied.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Julius M. Mayer, for relator.

Henry J. Goldsmith, for respondents.

BARRETT, J.   It is conceded that upon the return made by the board of county canvassers for the office in question the relator was defeated, and one Louis Minsky was elected by a plurality of 49 votes.   A certificate of election was consequently given to Minsky, and he was duly seated by the board of aldermen.   Thereupon the relator filed a protest, and demanded of the board that the office be awarded to him.   This protest was referred by the board to its committee on privileges and elections to hear and inquire into the relator's contest.   This hearing was set down for a particular day, but nothing was then done.   Adjournments took place from time to time until the 1st day of July, 1898, when the committee met in its room at 11 o'clock a. m.   It waited in the committee room for upwards of an hour, but neither the relator nor his counsel appeared, and finally the contest was declared to be closed.   The relator had due notice of this meeting, but for some undisclosed reason he failed to appear.   It seems that during all this time his counsel was in the aldermanic chamber.   Why he went there, rather than to the committee room, does not appear.   He certainly knew that the hearing was to be in the committee room, for he and the relator had previously attended the committee there.   After the committee had closed the hearing, it reported to the board, and asked to be discharged.   The report found that Minsky was duly elected, and recommended the adoption of a resolution to the effect that he be declared entitled to the seat.   Upon the 5th day of July, 1898, this report was accepted, and the resolution adopted.   Nothing was done in the interim by the relator with regard to his default.   He made no effort then, and has made none since, to obtain a new or further hearing.   He simply waited, in seeming acquiescence, until the 31st day of October, 1898, when he sued out the present writ.   We think this statement of the facts completely disposes of the writ.   There is really nothing to review.   The board acted within its jurisdiction,

and proceeded in all respects according to law. As Minsky had the certificate of election, the burden was upon the relator to show error in the election returns sufficient to overturn the certificate, and elect him. That opportunity was afforded him, and he failed to take advantage of it. His learned counsel says that the sole question here is whether his client's contest was heard and considered according to law. That is true. But the question must be answered in the affirmative. He received all the hearing and consideration asked for his contest. The board did all that was required of it when it received the protest and referred it to the proper committee for further hearing and consideration. The committee did all that was required of it when it fixed a day for such further hearing and consideration, and attended upon that day prepared to hear and consider the relator's complaint and contest. The relator was not denied a hearing, nor was he deprived thereof by indirection or artifice. What was the committee to do other than it did do? It was not required to await the relator's pleasure indefinitely. Its procedure was reasonable, and so was the final action of the board thereon. The writ of certiorari cannot, surely, be used as a mere motion to open a default. If the proceedings had been irregular or unlawful, or if, though apparently regular, the relator had been deprived of a hearing by fraud, artifice or indirection, another question would be presented. But here there is no suggestion of fraud, artifice, or indirection. We have a case of complete regularity, where the defaulted relator has not even asked to be relieved from his default, or to be permitted to reopen the contest. The only possible result is to confirm the proceedings, with costs. All concur.